# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**NATOSHA DAWSON,**

    Plaintiff,

v.

**GILLESPIE CHRYSLER, L.L.C.,**

    Defendant.

No. 07 C 2581

## MEMORANDUM OPINION AND ORDER

Plaintiff Natosha Dawson filed a lawsuit against defendant Gillespie Chrysler, L.L.C. ("Gillespie") in the Circuit Court of Cook County, Illinois alleging violations of the Federal Odometer Requirements Act, 49 U.S.C. § 32701, the Illinois Odometer Act, 625 ILCS 5/3-112.1, and the Illinois Consumer Fraud Act, 815 ILCS 505/2. Defendant removed the action and is now moving to compel arbitration. For the following reasons, the motion is denied.

I.

On March 27, 2006, plaintiff purchased a car from defendant. Prior to sale, defendant allegedly represented that the 1998 Mazda Millenia plaintiff would purchase had accumulated 63,931 miles. Plaintiff would later learn that the car had been driven in excess of 63,931 and alleges defendant knew this at the time of sale. At the time of the sale, plaintiff and defendant entered into an arbitration agreement.

Upon learning of the mileage discrepancy, on December 19, 2006 plaintiff contacted defendant regarding her claims and intent to file a formal complaint with the Better Business Bureau ("BBB") if the matter could not be resolved. The arbitration agreement provides that "[t]he arbitration forum agreed [to] by the parties shall be the [BBB] . . . , or any other forum as agreed to between the parties in writing." Defendant did not respond to this letter. On February 2, 2007, plaintiff made a formal request to arbitrate her claims with the BBB pursuant to the arbitration clause. On February 5, 2007, the BBB forwarded the complaint to defendant for its response. Defendant did not respond to plaintiff or the BBB. The BBB contacted defendant's personnel on more than one occasion to inquire about its response to the complaint. Defendant never responded to the complaint or contacted the BBB about the matter. As a result, the BBB was unable to proceed with the arbitration. On April 6, 2007, plaintiff filed her complaint in the Circuit Court of Cook County. On May 9, 2007, defendant removed the case to federal court.

II.

The parties do not dispute the existence, validity or scope of the parties' binding arbitration agreement. Plaintiff argues, however, that defendant has waived its right to compel arbitration by failing to respond to the BBB and by removing the case to federal court. "A contractual right to arbitrate may be waived

expressly or implicitly, and a party that chooses a judicial forum for the resolution of a dispute is presumed to have waived its right to arbitrate." *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (citing *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 757 (7th Cir. 2002)). In determining whether a party has waived its right to arbitrate I must examine the totality of the circumstances and determine whether "the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Ernst & Young*, 304 F.3d at 757 (quotations omitted). "[D]iligence or the lack thereof should weigh heavily in the decision." *Sharif*, 376 F.3d at 726.

I find defendant has waived its right to arbitrate. Defendant failed to respond to plaintiff's BBB request for arbitration, making it impossible for the arbitration to go ahead. Defendant cannot have it both ways by ignoring plaintiff's initial request for arbitration and then moving to compel arbitration when plaintiff resorts to the courts. Defendant argues that it has a reasonable explanation for its silence before the BBB: the failure of its own employee to properly forward the complaint to the proper person within Gillespie. This is not a proper excuse. Gillespie is bound by the actions of its agents in accepting the BBB's complaint and request for arbitration. Similarly, Gillespie is bound by its failure to respond before the BBB.

3

III.

For the foregoing reasons, I deny defendant's motion to compel arbitration.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge


Dated: July 18, 2007